FIRST NATIONAL BANK OF CARTHAGE, Appellant, v. S. T. MOSS, Defendant; BANK OF CARTHAGE, Garnishee, Respondent.

### Kansas City Court of Appeals, May 8, 1899.

Garnishment: TRUSTS AND TRUSTEES: PAROL EVIDENCE. A trust relating to personal property may be shown by parol, and such property is not subject to garnishment to pay the debts of a trustee.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

E. O. BROWN for appellant.

(1) The money in question became the absolute property of the defendant Moss, and subject to the rights of his creditors. The money having become the absolute property of the defendant Moss at the time of delivery, the mere fact that Moss failed in what his mother sought to induce him to do with respect to the erection of the monument, fencing and grading the lot, by reason of the gift, can not alter the gift, or prevent the money from becoming his absolute property. Blatz v. Lester, 54 Mo. App. 283.    (2)    The court below proceeded throughout upon the erroneous theory that the money in the garnishee's hands was a trust fund, and therefore not subject to garnishment for debts of the defendant

Moss.   In the very recent case of Hillman v. Allen, 47 S. W.
Rep. 509, decided in October, 1891, by Division No. 2 of our
supreme court, Judge Gantt, who wrote the divisional opinion,
in the course of the opinion, held that an express trust, as
here claimed by the garnishee in this case, can not be created
by parol; and that parol evidence, as was sought in the case
at bar, is not admissible to prove that the money was given
upon an express trust not declared in writing.   This case is
squarely in point deciding, in effect, that defendant's mother
could not have created a trust in respect to the money in con-
troversy by verbal directions, or statements made to her son at
the time of the gift.   In Perry on Trust, section 96, it is held
that a present gift does not create a trust.

THOMAS & HACKNEY and T. B. HAUGHAWOUT for re-
spondent.

(1)   The money was delivered to defendant by his
mother in trust, and no act of his, after the death of his
mother, could vest the ownership in him.   (2)   A trust in
respect to personal property need not be in writing.   Huette-
man v. Viesselmann, 48 Mo. App. 583.   (3)   A deposit of a
trust fund in the trustee's own name does not affect the
character of the fund and can not be appropriated by the bank
even on the private indebtedness of the trustee, nor can it be
reached by garnishment for such private debts.   Atterberry
v. McDuffee, 31 Mo. App. 608; Ihl v. Bank, 26 Mo. App.
129; Utley v. Tolfree, 77 Mo. 307.

GILL, J.—By a proceeding in garnishment, plaintiff
sought to subject the sum of $186 which stands in the
garnishee bank to the nominal credit of S. T. Moss against
whom said plaintiff has a judgment.   The answer of the
garnishee was to the effect that said money was not the indi-
vidual property of S. T. Moss, but was a trust fund held by
said Moss and not subject to the payment of his debts.   On

a trial before the circuit court, without the aid of a jury, the garnishee was discharged, and plaintiff appealed.

Plaintiff's claim to the money in question is without merit. The evidence shows, without dispute, that the fund is held by S. T. Moss as a trustee for certain specified uses designated by his mother. Mrs. Moss died in January, 1898. A few days before she died the old lady took from her trunk $280 in gold coin, which she had saved up, and turned it over to her son (the defendant) with specific instructions that he should use the money in purchasing a coffin of a certain description and in paying her other funeral expenses; that in addition he should grade the burial lot, build an iron fence around the same, erect a monument, place a stone slab on her grave, etc. Said Moss took charge of the money, placed the same to his credit in the garnishee bank, and at the time stated where it came from, that it was not his, and that it was intrusted to him for the purposes named by his mother. The defendant Moss then proceeded, after his mother's death, to invest the money as directed. He purchased the burial case, paid the other funeral expenses, and when this garnishment was served had bought and set up the monument. But just then plaintiff sued out an execution on its judgment against said Moss, had garnishment served on the bank where the money was kept, and this stopped a further execution of the trust. The evidence clearly shows that Moss held and used the fund sacred to the purposes for which it was intrusted to him, and that it was all needed to carry out the instruction of his mother.

This clearly was a fund held under a valid trust and was not subject to the debts of the trustee; it was not a gift. And being personal property, the trust may be shown by parol. Perry on Trusts [4 Ed.], sec. 86.

The judgment of the lower court was manifestly for the right party and will be affirmed. All concur.